UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UBE AUTOMOTIVE NORTH AMERICA MASON PLANT, INC., | |
| Plaintiff, | |
| v. | Case No. C-1-03-706 |
| INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, UAW, et al., | |
| Defendants. | |

## ORDER

This matter is before the Court upon defendants' motion for award of attorneys' fees and costs (doc. 30) and plaintiff's opposing memorandum (doc. 32).

### I. Background

Plaintiff UBE Automotive North America Mason Plant, Inc. (UBE) filed a Complaint and Petition to Vacate Arbitration Award against defendants International Union, United Automobile, Aerospace and Agricultural Workers of America, UAW ("the International"), and United Automobile, Aerospace and Agricultural Implement Workers of America, Local 2332 ("Local 2332"), collectively referred to herein as the "Union." Plaintiff sought judgment in its favor and an order from the Court (1) vacating an arbitration award issued in the parties' dispute, and (2)

1

denying defendants' grievances against UBE or, in the alternative, directing the parties to arbitrate the dispute with a different, neutral arbitrator.  UBE argued that the Arbitration Award does not draw its essence from the parties' Collective Bargaining Agreement (Agreement) because the Arbitrator ignored the plain language of the Agreement, disregarded the parties' intent, and imposed requirements in addition to those imposed under the Agreement.  Defendants filed a counterclaim against UBE requesting the Court to affirm the Arbitration Award, order the submission to the Arbitrator of the back pay issue that the Arbitrator left open, and award attorney fees to defendants for a breach of the Agreement.

After reviewing the record, the Court determined that the Arbitration Award does draw its essence from the Agreement and must be upheld because the Arbitrator's interpretation of the Agreement is rationally derived from the Agreement.   The Court therefore affirmed the Arbitration Award.  The Court determined that defendants were not entitled to summary judgment on their counterclaim for attorney fees for a breach of the Agreement since they had not addressed that claim in their motion.

Defendants subsequently filed their motion for award of attorney fees and costs.  They acknowledge that while § 301 of the LMRA, 29 U.S.C. § 185, does not expressly authorize an award of attorney fees and costs to a prevailing party, an award of attorney fees is appropriate in this case because UBE acted in bad faith.  Defendants argue that the Union was forced to incur legal expenses before a remedy was ever obtained from the Arbitrator and that such piecemeal litigation is interlocutory in nature, imposes unfair costs on the Union, and wastes the time and resources of the court system as well.  Defendants further assert that they are entitled to an award of attorney fees and costs because UBE's position in this matter was "without justification."

2

In response, UBE argues that its request that the Court vacate the Arbitrator's Award was justified by relevant authority. UBE contends that it sought review of the Arbitrator's decision within the framework of well-established precedent that holds that an arbitrator's decision must draw its essence from the parties' collective bargaining agreement. UBE argues that the cases upon which defendants rely are inapposite.

## II. Opinion

Under the long-established American Rule, attorney fees "are not ordinarily recoverable in the absence of a statute or enforceable contract providing therefor." ***Summit Valley Industries Inc. v. Local 112, United Broth. of Carpenters and Joiners of America,*** 456 U.S. 717, 721, 102 S.Ct. 2112, 2114 (1982) (citing ***Fleischmann Distilling Corp. v. Maier Brewing Co.***, 386 U.S. 714, 717, 87 S.Ct. 1404, 1407 (1967)). The United States Supreme Court has recognized certain equitable exceptions to the American Rule "where necessary to further the interests of justice." ***Id.*** at 2114-2115 (citing ***Vaughan v. Atkinson***, 369 U.S. 527, 82 S.Ct. 997 (1962) (bad faith); ***Toledo Scale Co. v. Computing Scale Co.***, 261 U.S. 399, 43 S.Ct. 458 (1923) (willful disobedience of a court order); ***Central Railroad & Banking Co. v. Pettus***, 113 U.S. 116, 5 S.Ct. 387 (1885) (common fund)). Absent one of these exceptions, however, the American Rule has been consistently followed for almost 200 years. ***Id***. (citing ***Alyeska Pipeline Co. v. Wilderness Society***, 421 U.S. 240, 249-250, 95 S.Ct. 1612, 1617-1618 (1975); ***Arcambel v. Wiseman***, 3 Dall. 306, 1 L.Ed. 613 (1796)). Consistent with the Supreme Court's decision in ***Summit Valley,*** the Sixth Circuit has recognized that although § 301 of the LMRA does not authorize an award of attorney fees as an element of damages, fees may be awarded if a party pursues a lawsuit in bad faith or without justification. ***See Knollwood Cemetery Ass'n v. United Steelworkers of***

*America,* 789 F.2d 367, 369 (6th Cir. 1986).  The Court in **Knollwood** determined that because the plaintiff in that case "arguably had some authority for seeking independent judicial review of the arbitrator's decision . . . the suit was not brought entirely in bad faith."  *Id.* (citation omitted).

The Court finds that an award of attorney fees is not warranted in this case.  None of the equitable exceptions to application of the American Rule apply here.  UBE certainly had some authority for seeking judicial review of the Arbitrator's decision, UBE did not act improperly by seeking judicial review of the Arbitrator's decision on the merits before the issue of damages had been resolved, and there is no other basis for concluding that UBE brought this action in bad faith.

In accordance with the foregoing, defendants' motion for an award of attorney fees and costs is **DENIED.**  This case is **TERMINATED** on the docket of the Court at plaintiff's cost.

**IT IS SO ORDERED.**


                                                     S/ Herman J. Weber
                                                      HERMAN J. WEBER
                                  SENIOR JUDGE, UNITED STATES DISTRICT COURT


J:\HJWA\03-706attyfeesPUB.wpd